IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN DOUGLAS PHILLIPS, )<br>                Plaintiff, )<br>                            )<br>vs.                            )<br>                            )<br>ALLEGHENY COUNTY; ALLEGHENY )<br>CORRECTIONAL HEALTH SERVICES, )<br>INC.; DANA PHILLIPS; EUGENE L. )<br>YOUNGUE, III, *M.D.*; RACHEL B. )<br>CARPENTER, *C.R.N.P.*, )<br>                Defendants. ) | Civil Action No. 13-685<br>Magistrate Judge Maureen P. Kelly<br><br>Re: ECF No. 41 |

# MEMORANDUM ORDER

Plaintiff Stephen Douglas Phillips ("Plaintiff"), filed this civil rights action bringing claims against Allegheny County ("the County"), Allegheny Correctional Health Services, Inc., Dana Phillips. Eugene L. Youngue, III, and Rachael B. Carpenter (collectively, "Defendants"), alleging that, while Plaintiff was incarcerated at the Allegheny County Jail, Defendants were deliberately indifferent to Plaintiff's medical needs in violation of his rights provided by the Eighth Amendment to the United States Constitution.

Presently before the Court is Allegheny County's Motion for Summary Judgment, ECF No. 41, in which the County argues that it is entitled to summary judgment because the record is devoid of any evidence that the County, or any employee of the County, was acting pursuant to a custom or policy as is necessary to establish municipal liability.

Indeed, it is well settled that settled that a municipality may not be held liable under Section 1983 based on a theory of *respondeat superior* or merely because its employees may have acted unconstitutionally. Monell v. New York City Dep't of Soc. Services, 436 U.S. 658, 691 (1978). Rather, a municipality may only be found liable for their own illegal acts or where the plaintiff is able to identify a municipal "policy" or "custom" that caused the constitutional

violation.  Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 403 (1997).  See Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 583–84 (3d Cir. 2003).

Here, in his Response to Allegheny County's Motion for Summary Judgment, ECF No. 45, Plaintiff concedes that there is no record evidence of a custom and/or policy of Allegheny County that contributed to Plaintiff's injuries.  Plaintiff therefore is unable to succeed on his Eighth Amendment claim against the County and the County's Motion for Summary Judgment is properly granted.  Accordingly, the following Order is entered:

AND NOW, this 21st day of October, 2014, upon consideration of the Motion for Summary Judgment by Allegheny County, ECF No. 41, and Plaintiff's Response to the Motion for Summary Judgment, ECF No. 45, IT IS HEREBY ORDERED that the Motion is granted and the Allegheny County is dismissed from this action.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: All Parties of Record Via CM-ECF